IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE: TRACEY GODFREY,<br><br>Petitioner | CV 23-156-M-DWM<br><br>ORDER |

Tracey Godfrey has filed a petition for a writ of mandamus, asking this Court to issue a writ to compel performance of a ministerial act. (Doc. 1.) Godfrey asserts that on November 27, 2000, the Montana Sentence Review Division ordered that his 10-year sentence as a Persistent Felony Offender "shall remain the same." (*Id.*) Godfrey, therefore, requests an order from this Court directing Montana's Twenty-First Judicial District Court to perform the "ministerial act" of imposing a 10- year sentence, rather than the 60-year sentence he is currently serving. (*Id.*)

This Court is very familiar with Godfrey's state sentence, he has repeatedly attempted to challenge the same to no avail.[1] Godfrey now attempts to challenge

---

[1] *See Godfrey v. Kirkegard*, CV 14-27-M-DLC (D. Mont. May 5, 2014)(habeas petition dismissed on the merits); *Godfrey v. Kirkegard*, CV 14-164-M-DLC (D. Mont. June 12, 2014)(habeas petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. June 20, 2014)(habeas petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (habeas petition dismissed); *Godfrey v. Guyer*, CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-19-86-M-DLC (D. Mont.

1

his sentence via the new mechanism of a petition for writ of mandamus. The petition will be dismissed.

The Court must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Godfrey's claim is legally frivolous, and the Court is without jurisdiction to hear it.

Godfrey is a state prisoner. He references the federal mandamus statute and apparently believes it to be the proper vehicle to now deliver the relief sought. Godfrey is advised, however, the statute applies only to *federal* officers and employees, not *state* officers and employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Godfrey seeks to have this Court compel

---

May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonsen,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied); *Godfrey v. Montana Supreme Court*, CV-22-120-M-DLC, Or. (D. Mont. July 13, 2022)(petition for writ of supervisory control dismissed).

the state district court to amend his sentence. The Twenty-First Judicial District Court is an entity of the State of Montana. A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. District Court,* 925 F.2d 1160, 1161-62 (9th Cir. 1991); *Givens v. Los Angeles Cnty. Superior Ct.*, 163 F. App'x 514, 515 (9th Cir. 2006). In addition, the All-Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." *Malone v. Calderon,* 165 F.3d 1234, 1237 (9th Cir.1999). The petition does not state grounds on which this Court could grant relief in the form of a writ of mandamus; this Court is without jurisdiction to hear Godfrey's petition.

Accordingly, the Court enters the following:

## ORDER

1. Godfrey's petition is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment.

2. The Clerk is directed to have the docket reflect that Godfrey's filing of this action constitutes a strike within the meaning of 28 U.S.C. 1915(g).

DATED this 21st day of December, 2023.

_____
Donald W. Molloy
United States District Court